UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ADRIAN KEITH TOTTON, SR.,          :          CIVIL NO. **1:04-CV-0730**
                                   :
            Plaintiff              :
                                   :
        v.                         :          (Magistrate Judge Smyser)
                                   :
CHARLES KELLER and                 :
OFFICER TERRY WELAND,              :
                                   :
            Defendants             :

### ORDER

The plaintiff commenced this 42 U.S.C. § 1983 action by filing a complaint on April 6, 2004.  The complaint names as defendants Charles Keller, Terry Weland and two unnamed Harrisburg police officers.

On August 9, 2004, defendants Keller and Weland filed an answer to the complaint.

The two unnamed Harrisburg police officers were not served with the complaint.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign county pursuant to subdivision (f) or (j)(1).

Over a year passed since the filing of the complaint and the plaintiff had not identified to the court the two unnamed Harrisburg police officers such that the Marshal could serve the summons and complaint on those officers. By an Order dated March 30, 2005, we directed the plaintiff to show cause, within twenty days, why the two unnamed Harrisburg police officers should not be dismissed from this action. The Order of March 30th warned the plaintiff that if he does not show

2

cause within 20 days it would be recommended to the district court judge then assigned to the case that the two unnamed Harrisburg police officers be dismissed.  The plaintiff did not respond to the March 30th Show Cause Order. Accordingly, by a Report and Recommendation filed on April 25, 2005, we recommended that the two unnamed Harrisburg police officers be dismissed pursuant to Fed.R.Civ.P. 4(m).

After the April 25, 2005 Report and Recommendation was filed, pursuant to 28 U.S.C. § 636(c) the case was reassigned to the undersigned magistrate judge to conduct all further proceedings based on the consent of the parties.  The case is scheduled for a non-jury trial beginning on September 8, 2005.

By an Order dated June 13, 2005, the two unnamed Harrisburg police officers were dismissed from the case pursuant to Fed.R.Civ.P. 4(m).

On June 23, 2005, the plaintiff filed a motion (doc. 48) entitled "Motion for Appeal - and Amend."  By an Order dated June 29, 2005, we construed this motion as a motion for

reconsideration of the Order of June 13, 2005 dismissing the

two unnamed Harrisburg police officers and as a motion for

leave to amend the complaint to identify the unnamed Harrisburg

police officers as well as to name two additional officers as

defendants.  The plaintiff was directed to file a brief in

support of his motion for reconsideration on or before July 8,

2005.  In the Order of June 29, 2005 we indicated that the

plaintiff's brief in support of his motion for reconsideration

and for leave to amend should include an explanation for why he

did not identify the unnamed officers earlier and an

explanation for why he did not respond to the Order of March

30, 2005 directing him to show cause why the unnamed officers

should not be dismissed from this action.


        On July 6, 2005, the plaintiff filed a brief in support

of his motion for reconsideration.  The plaintiff states that

he learned of the identity of the two unnamed police officers

through the defendants' pretrial memorandum which was filed on

June 10, 2005.  Similarly, the plaintiff states that he learned

that there were two other officers involved in the incident at

issue in this action through the defendants' pretrial

4

memorandum.  The plaintiff states that his efforts to obtain
the names of the two unidentified officers through discovery
were unsuccessful.  On July 12, 2005, the defendants filed a
brief in opposition to the plaintiff's motion for
reconsideration.  The defendants assert that the plaintiff's
motion for reconsideration should not be granted because the
plaintiff failed to comply with the Order of March 30, 2005
directing him to show cause why the unnamed officers should not
be dismissed from this action.  The defendants also contend
that the statute of limitations has run on the plaintiff's
claim and it would be inappropriate at this point to allow the
plaintiff to amend his complaint to identify the two unnamed
officers and to add two additional officers as defendants.

       "The purpose of a motion for reconsideration is to
correct manifest errors of law or fact or to present newly
discovered evidence."  *Harsco Corp. v. Zlotnicki*, 779 F.2d
906, 909 (3d Cir. 1985).  A district court may grant a party's
motion for reconsideration when there exists: "(1) the
development of an intervening change in the law, (2) the
emergence of new evidence not previously available, or (3) the

need to correct a clear error of law or prevent a manifest injustice." *Cohen v. Austin*, 869 F. Supp. 320, 321 (E.D.Pa. 1994).   If there is no new evidence or no clear error of law, the motion must be denied. *Clifford v. Jacobs*, 739 F. Supp. 957, 958-59 (M.D.Pa. 1990).  Mere disagreement with the court does not translate into a clear error of law. *Petruzzi's, Inc. v. Darling-Delaware Co., Inc.*, 983 F.Supp. 595, 611 (M.D. Pa. 1996).  "A motion for reconsideration is not a tool to relitigate and reargue issues which have already been considered and disposed of by the court." *Id.* "Nor is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment. *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 (M.D. Pa. 1994), *aff'd*, 31 F.3d 1175 (3d Cir. 1994).  In the interest of finality, courts should grant motions for reconsideration sparingly.  *Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D.Pa. 1992).

The plaintiff could have obtained the names of the unidentified officers by serving on the named defendants an interrogatory asking them to identify who was present at the

6

time of the incident in this case.  We recognize that the plaintiff is proceeding *pro se* and that he asserts that he was unable to obtain the names of the officers through discovery. However, if the defendants failed to provide answers to the plaintiff's discovery requests he should have filed a motion to compel discovery.  Moreover, the plaintiff could have responded to the Order of March 30, 2005 directing him to show cause why the unnamed officers should not be dismissed from this action by stating that despite efforts to do so he has been unable to obtain the names of the officers through discovery.  Instead of doing so, the plaintiff failed to respond to the Order of March 30, 2005 in any manner.

Allowing the plaintiff to amend his complaint at this late date would prejudice the named defendants by unduly delaying the case.  Moreover, the statute of limitations on the plaintiff's claim expired in February of 2005.  The plaintiff has not argued or established that the officers that he seeks to add to this case had either actual or constructive notice of this action within 120 days of the date he filed the complaint. Accordingly, an amended complaint adding those officers would

not relate back pursuant to Fed.R.Civ.P. 15(c) to the date the plaintiff filed the original complaint in this case, and it would be futile to allow the plaintiff to amend his complaint at this point to name the unidentified officers and to name two additional officer since the plaintiff's claims against those officer would be barred by the statute of limitations.

For the reasons sets forth above, the plaintiff's motion for reconsideration of the Order of June 13, 2005 will be denied.

There is also a motion for reconsideration filed by the defendants pending in this case.  On June 2, 2005, the plaintiff filed a document which the court construed as a motion to compel the defendants to produce a copy of the Harrisburg Police Department's Internal Affairs Unit's reports or investigations of the incident of February 5, 2003 that is the subject matter of the plaintiff's complaint.  By an Order dated July 18, 2005, the court granted the plaintiff's motion to compel and ordered the defendants to provide copies of the Internal Affairs Investigative report(s) concerning the

8

incident of February 5, 2003 to the plaintiff within seven days.  On July 27, 2005, the defendants filed a motion for reconsideration of the Order of July 18, 2005 and a brief in support of that motion.  The plaintiff has filed documents in opposition to the defendants' motion for reconsideration.  *See docs. 73, 74 & 75.*  Since trial is less than a month away, we will address the defendants' motion for reconsideration without waiting for a reply brief.

The defendants contend that the court erred by stating in the Order of July 18, 2005 that after the plaintiff filed a brief in support of his motion to compel the defendants did not file a brief in opposition to the motion.  The defendants state that they did file a brief in opposition on July 12, 2005.  The document filed by the defendants on July 12, 2005 is entitled: "Defendants, Chief of Police Charles G. Keller and Police Officer Terry Wealand's Brief in Opposition to Plaintiff's Motion for Discovery Filed on June 24, 2005." Despite the misleading title of the document, we acknowledge that the document filed on July 12, 2005 is a brief in opposition to the plaintiff's motion to compel and that we failed to consider

9

that document when deciding the plaintiff's motion to compel.
Nevertheless, having reviewed the document we find that it
presents no basis for the court to reconsider its July 18, 2005
Order.

The defendants contend that during the pretrial
conference on June 16, 2005 the court denied the plaintiff's
request that it consider his motion requesting discovery of the
Internal Affairs file by advising the plaintiff that the
deadline to file discovery-related motions was January of 2005.
Although the court may have refused to discuss the motion at
the pretrial conference, the court did not officially deny the
motion.

The defendants contend that the Internal Affairs
Investigation Report is protected by the deliberative process
privilege.

The deliberative process privilege is an executive
privilege.  Executive privilege shields certain documents from
public disclosure.  "Executive privilege is the government's

privilege to prevent disclosure of certain information whose disclosure would be contrary to the public interest." *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 342 (E.D. Pa. 1973). The Third Circuit Court of Appeals has set forth the proper procedure for invocation of executive privilege: "The head of the agency claiming the privilege must personally review the material, there must be a specific designation and description of the documents' claimed to be privileged, and there must be precise and certain reasons for preserving the confidentiality of the communication. Usually such claims must be raised by affidavit." *United States v. O'Neill*, 619 F.2d 222, 226 (3d Cir. 1980)(internal quotations omitted).

The defendants have not properly raised the deliberative process privilege.

We find no reason to reconsider the Order of July 18, 2005 and, accordingly, we will deny the defendants' motion for reconsideration.

11

On July 6, 2005, the plaintiff filed a motion entitled "Motion for Exhibit List."  In this document the plaintiff is requesting copies of the exhibits listed on the defendants' exhibit list attached to the defendants' pretrial memorandum. On July 19, 2005, the plaintiff filed a motion to amend his Motion for Exhibit List.  The plaintiff again asserts that he is requesting copies of Exhibits A through G from the defendants' exhibit list.

It was the court's understanding at the pretrial conference that defendants' counsel agreed to send the plaintiff copies of the defendants' exhibits.  By an Order dated July 28, 2005, we directed the defendants to respond, on or before August 8, 2005, to the plaintiff's Motion for Exhibit List and his motion to amend that motion.  The defendants were directed to indicate whether or not they have provided the plaintiff with copies of their exhibits and, if they have not provided copies of their exhibits to the plaintiff, why they have not.

As of the drafting of this order, the defendants have failed to comply with the Order of July 28, 2005.  They have not filed a response to the plaintiff's motions regarding copies of exhibits.  However, the defendants have sent to the court a copy of a letter dated August 1, 2005 and addressed to the plaintiff.  The defendants enclose their exhibits with this letter (as to the photographs listed as exhibits the defendants state that they will be sent to the plaintiff under separate cover as soon as they are received by the defendants).  A copy of a letter is not an appropriate way to comply with the Order of July 28, 2005 or to respond to a motion.  Nevertheless, since it appears that the plaintiff has been provided with the exhibits at issue, the plaintiff's motions regarding the defendants' exhibits will be denied as moot.

The plaintiff has filed a number of motions requesting the court to subpoena documents and witnesses.  On July 14, 2005, the plaintiff filed a motion requesting the court to subpoena a surveillance tape of the incident.[1]  On July 15,

---

1.  We note the on July 26, 2005, the defendants filed a brief in opposition to the plaintiff's motion to subpoena the
(continued...)

13

2005, the plaintiff filed a motion requesting the court to issue a subpoena for the appearance at trial of the investigating sergeant from the Harrisburg Police Internal Affairs Division and directing that the sergeant bring to trial with him notes and reports regarding the incident at issue.  On July 22, 2005, the plaintiff filed another document requesting a subpoena for the work schedule of defendant Weland and a trial subpoena for Dauphin County probation officer Amy Young. On August 2, 2005, the plaintiff filed a motion to amend his motion for the court to subpoena the surveillance tape of the incident to include any video tape from the police station the night of February 5, 2003.

The court will not subpoena evidence or witnesses for a litigant.  Thus, to the extent that the plaintiff is requesting the court to subpoena evidence or witnesses the plaintiff's motions will be denied.  However, provided he complies with applicable rules and statutes, the plaintiff may himself serve

---

1.  (...continued)
surveillance tape, and they state that there is no surveillance tape.

subpoenas for witnesses to appear at trial and to bring certain evidence with them to trial.  The Clerk of Court will be directed to provide the plaintiff with five blank subpoenas signed by the Clerk of Court.  The plaintiff is reminded that when using a subpoena he must comply with the requirements of Federal Rule of Civil Procedure 45 concerning the tender of witness and mileage fees.  28 U.S.C. § 1821 deals with witness and mileage fees.  The plaintiff is responsible for any costs associated with the subpoenas.

On July 15, 2005, the plaintiff filed a motion seeking an order from the court ordering the defendants to reimburse the plaintiff for the expenses he incurred by attending a deposition in this case which was conducted in Philadelphia. If the plaintiff had legally meritorious grounds not to attend the deposition, he should have filed a motion for a protective order prior to the deposition.  The plaintiff's motion for reimbursement of expenses will be denied as there is no basis for the court to issue an order directing the defendants to reimburse the plaintiff for the expenses he incurred with respect to attending the deposition.

15

On July 28, 2005, the plaintiff filed a motion to compel discovery.  The plaintiff is again seeking the Internal Affairs Investigative Report.  As to that issue, the plaintiff's current motion to compel will be denied as moot since the court has already ordered that the Internal Affairs Investigative Report be provided to the plaintiff.  The plaintiff is also requesting all statements from witnesses and police officers and all information relevant to the subject matter of this case.  As the time to conduct discovery and file discovery-related motions has expired, the plaintiff's motion to compel concerning that discovery will be denied.

**IT IS HEREBY ORDERED** that the plaintiff's motion (doc. 48) for reconsideration of the Order of June 13, 2005 is **DENIED.  IT IS FURTHER ORDERED** that the defendants' motion (doc. 69) for reconsideration of the Order of July 18, 2005 is **DENIED** and the defendants shall immediately provide copies of the Internal Affairs Investigative report(s) concerning the incident of February 5, 2003 to the plaintiff.  **IT IS FURTHER ORDERED** that the plaintiff's motions (docs. 54 & 65) for copies of the defendants' exhibits are **DENIED AS MOOT.  IT IS FURTHER**

16

**ORDERED** that the plaintiff's motions (docs. 59, 61, 66 and 72) regarding subpoenas are **GRANTED IN PART AND DENIED IN PART.** The plaintiff's motions regarding subpoenas are **DENIED** to the extent that the plaintiff is requesting the court to subpoena evidence or witnesses for trial.  The plaintiff's motions regarding subpoenas are **GRANTED** to the extent the Clerk of Court is directed to send to the plaintiff five blank subpoenas signed by the Clerk of Court.  **IT IS FURTHER ORDERED** that the plaintiff's motion (doc. 62) for reimbursement of expenses is **DENIED.  FINALLY, IT IS ORDERED** that the plaintiff's July 28, 2005 motion (doc. 71) to compel discovery is **DENIED.**

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  August 10, 2005.

17